## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GENESIS NETWORKS TELECOM | § | CASE NO. 24-50224-MMP |
| SERVICES, LLC, | § | |
| | § | |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

### MOTION FOR RELIEF FROM AUTOMATIC STAY

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS. IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD. A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE:

Trailcrest Office, LLC ("Trailcrest" or "Movant" or "Landlord"), files its Motion for Relief from Automatic Stay (the "Motion") against Genesis Networks Telecom Services, LLC ("Genesis" or "Debtor"), and in support thereof would show the Court as follows:

### I.     JURISDICTION

1.1     The United States Bankruptcy Court for the Western District of Texas has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334(b) and the Standing Order of reference of the District Court. This is a core proceeding under 28 U.S.C. § 157(b)(2). The statutory predicate for the relief sought herein is §§ 361 and 362 of the Bankruptcy Code and Rule 4001(b) FED. R. BANKR. P.

### II.     BACKGROUND

2.1     Trailcrest is informed and believes, and based thereon, alleges that Debtor is and has been at all times herein mentioned been a corporation, authorized to operate in Texas, whose

address, shown on its petition, is 1354 N. Loop 1604 E., Suite 103, San Antonio, Texas 78232.

2.2 Debtor filed its voluntary petition under Chapter 7 of the Bankruptcy Code Title 11 U.S.C. on February 19, 2024 (the "Petition Date").

2.3 The Notice of Meeting of Creditors and appointment of Chapter 7 Trustee, Johnny W. Thomas, Jr., was issued on February 19, 2024 [ECF No. 2].

2.4 Pursuant to the provisions of 11 U.S.C. § 362(a), the filing of said petition operated as an automatic stay against Trailcrest's rights, to proceed against Debtor and/or attempt collection of indebtedness owed to Trailcrest and/or to assert Trailcrest's rights as landlord to regain possession of the leashold premises.

2.5 On March 20, 2024 Landlord filed its Motion to Require Trustee to Assume or Reject Executory Contract – Real Property Lease with Trailcrest Office, LLC (the "Motion to Assume or Reject") [ECF No. 15]. A hearing on the Motion to Assume or Reject was held on April 23, 2024.

2.6 The Order Rejecting Executory Contract – Real Property Lease with Trailcrest Office, LLC, was entered on April 23, 2024 [ECF No. 36].

### III. FACTS

3.1 Landlord entered an Office Lease on October 15, 2018, showing Trailcrest Office, LLC, as Landlord and Genesis Networks Telecom Services, LLC, as Tenant, with term of three years through December 31, 2021. The Office Lease provided for a Security Deposit (as defined in the Office Lease) of $15,314.75. The Office Lease was affected by a Consent to Assignment of Lease on January 30, 2020 reflecting an assignment to GTNET ATC, LLC, modified and assigned by Modification and Assignment of Lease on January 3, 2022, but effective December 31, 2021, reflecting an assignment by GTNET ATC, LLC to Genesis, and an extension of the term to December 31, 2022,

and modified and amended by Modification and Extension of Lease on September 30, 2022. The Modification and Extension of Lease extended the term to December 31, 2025, and provided for Base Rent (as defined in the Office Lease) to be $11,246.67 per month through December 31, 2023, $11,568.00 per month from January 1, 2024 through December 31, 2024, and $11,889.33 per month from January 1, 2025 through December 31, 2025. In addition to the Base Rent, Genesis is obligated to pay Additional Rent (as defined in the Office Lease) consisting of Tenant's Pro Rata Share (as defined in the Office Lease) of Real Estate Taxes (as defined in the Office Lease) and Operating Expenses (as defined in the Office Lease) which was $5,538.50 per month as of the date of default for a total monthly rent obligation of $17,427.83 as well as electrical and gas costs. A true and correct copy of the Office Lease, the Consent to Assignment of Lease, the Modification and Assignment of Lease, and the Modification and Extension of Lease (collectively, the "Lease") are attached hereto as **Exhibits 1, 2, 3 and 4**.

      3.2     Debtor's last payment of Base Rent and Additional Rent to Trailcrest was made in February 2024. Debtor failed to make a payment of its monthly obligation for Base Rent, Additional Rent as well as electrical and gas costs March 2024 and April 2024 and is delinquent for the total amount of Thirty Thousand Five Hundred Twenty-Five and 86/100 Dollars ($30,525.86), representing the monthly obligation for March through April 23, 2024, when the Lease was rejected. Attached hereto and incorporated herein as **Exhibit 5,** is a true and correct copy of the Statement showing the rent and other sums due from Genesis for March and for the 23 days (through lease rejection date) in April. Also, attached as **Exhibit 6** is an invoice for the 23 days of April.

      3.3     The Security Deposit provided by Debtor to Trailcrest with the Office Lease in the amount of $15,314.75 provides that it is security for the performance of the covenants and

obligations under the Office Lease and upon the occurrence of an event of default to be applied to the payment of rent and any other damage.

    3.4    In addition to post-petition rents, upon rejection Genesis is deemed to have terminated the Lease effective on the petition date leaving March-December 2024 and January – December 2025 outstanding - representing the contractual lease obligation of $349,977.48 for unpaid rent and CAM fees through the remaining terms of the Lease. Per 11 U.S.C. § 502(b)(6), Landlord is entitled to one year of unpaid rent or 15% of remaining rents up to a three-year period as lease rejection damages per 11 U.S.C. § 506(b)(6). One year of Base Rent plus Additional Rent charges per the Lease amounts to $17,427.83 x 12 = $209,133.96, representing the amount of § 506(b)(6) damages.

    3.5    The Affidavit of Jeff Schlesinger, Manager, is attached hereto as **Exhibit 7,** attesting to the Trailcrest documents, and amounts due under the Lease.

## IV. ARGUMENTS AND AUTHORITIES

    4.1    Continuation of the Automatic Stay, pursuant to 11 U.S.C. § 362(a) will result in harm to Movant and will deprive Movant of the protection to which Movant is entitled under 11 U.S.C. §§ 361 and 362, for the following reasons among others:

    a.    Debtor has neglected to make payments when due or to provide adequate protection payments under the terms of the agreement with Trailcrest. Debtor is delinquent, failing to make monthly rental payments for March and April, 2024, Invoice No. 648 Base Rent $11,568.00, Additional Rent $5,538.50; Invoice No. 657 Electric $288.02, Gas $16.36; Invoice No. 659 Base Rent $8,868.80, Additional Rent $4,246.18 for a total pre-rejection amount due of $30,525.86.

PAGE - 4

    b.    Debtor is in a Chapter 7 liquidation proceeding and is no longer engaged in business operations.

    c.    The Lease has been rejected per Order dated April 23, 2024.

    d.    Debtor has no equity in the Lease or the Security Deposit.

    e.    The rejection of the Lease per Court Order dated April 23, 2024, effectuated a termination of the Lease as of the Petition Date.

    f.    Debtor owes post-petition rent in the amount of $30,525.86 for periods for March 2024 – December 2025. Additionally, Debtor owes the remaining contractual rent following Lease rejection in the amount of $349,977.48 subject to limits under 11 U.S.C. § 502(b)(6) resulting in a Lease rejection claim amount of $209,133.96 without considering mitigation resulting from a new Lease paying $8,553.00 per month for a shorter term (April 2025 vs. December 2025).[1]

4.2    Movant therefore requests the Court to terminate the automatic stay permitting Trailcrest to offset the security deposit for the following reasons:

    a.    Due to lack of adequate protection; and,

    b.    Due to lack of equity.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Trailcrest respectfully requests that this Court:

    A.    Terminate the Automatic Stay to allow Trailcrest to exercise its rights

---

[1] Movant has sold the building. The Sale Agreement required Movant to provide a lease/rent credit of $205,272.00 against the purchase price for the lease space as a result of the reduced rent. Movant reserved all rights to lease rejection damages following the sale. The $205,272.00 "lease credit" further evidences Movant's lease rejection damages.

    under the Lease and to offset against the security deposit in the amount of $15,314.75, and the laws of the state of Texas, entitling Trailcrest to immediately offset against the Security Deposit;

B. Allowing Trailcrest to apply the Security Deposit of $15,314.75; and,

C. Grant such other and further relief at law or in equity to which Trailcrest may be justly entitled.

           Respectfully submitted,

           **MARTIN & DROUGHT, P.C.**
           Weston Centre
           112 East Pecan Street, Suite 1616
           San Antonio, Texas 78205
           Telephone: (210) 227-7591
           Facsimile: (210) 227-7924
           E-Mail: mcolvard@mdtlaw.com

           By: /s/ Michael G. Colvard
              Michael G. Colvard
              State Bar No. 04629200

           **ATTORNEYS FOR TRAILCREST OFFICE, LLC**

## CERTIFICATE OF SERVICE

 I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded via United States Mail, First Class, postage prepaid, to the parties listed on the attached service list on May 7, 2024.

           /s/Michael G. Colvard
           Michael G. Colvard