## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 24-50224-MMP |
| | § | |
| GENESIS NETWORKS TELECOM SERVICES, LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 7 |

**RESPONSE IN OPPOSITION TO JOINT MOTION TO TRANSFER VENUE [DOC. NO. 81]**

**TO THE HONORABLE MICHAEL M. PARKER, UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW Austin Tele-Services Partners, LP ("**ATS**")[1] and files this *Response* ("**Response**") *in Opposition to Joint Motion to Transfer Venue [Doc. No. 81]* ("**Motion**") filed jointly by the Trustee,[2] FSCLE, the GNI Trustee, and ARRIS (collectively, the "**Movants**"), respectfully showing the Court as follows:

### SUMMARY

This bankruptcy case should not be transferred to the Dallas Court. Venue is proper in this forum and Movants have not satisfied their burden of proving, by a preponderance of the evidence, that transferring this case to the Dallas Court would be in the interest of justice or for the convenience of all parties relevant to *this* bankruptcy case. Many of the material witnesses are located in San Antonio or the surrounding areas. Moreover, with the modern possibilities of e-discovery, remote hearings, and emails, it is not disproportionately inconvenient for the parties to

---

[1] ATS is a creditor of the Debtor in the amount of approximately $3 million. No deadline has been set for filing a proof of claim.

[2] Unless otherwise specified herein, capitalized terms shall bear the same definition as in the Motion.

access necessary proof without traveling. Further, transferring venue of this bankruptcy case should focus on the interest of justice and convenience of parties relevant to *this* case, not other cases pending in the Dallas Court or elsewhere. As such, this Motion should be denied.

## PROCEDURAL BACKGROUND

On February 19, 2024, Genesis Networks Telecom Services, LLC ("**Debtor**") filed its bankruptcy petition. ECF No. 1.

On October 27, 2023, FSCLE filed its Original Complaint against J.E. Goodman and Symbiont/GIH—and numerous other parties—in the United States District Court for the Northern District of Texas (the "**FSCLE District Court Case**"). FSCLE has amended its complaint three times.

On September 6, 2022, GNI was placed into an involuntary chapter 7 proceeding in the Dallas Court, and the order for relief in that case was filed on December 12, 2022. Case No. 22-31641-mvl, Bankruptcy Court for the Northern District of Texas, Dallas Division.

On October 2, 2024, the Movants filed their Joint Motion to Transfer Venue. ECF No. 81.

## ARGUMENT & AUTHORITIES

### A. Legal Standard for Motion to Transfer Venue

For cases "under title 11," venue is proper in "the domicile, residence, principal place of business" of the debtor. 28 U.S.C. § 1408(1). When a bankruptcy case has been filed in the proper venue, a court can transfer the case if "the transfer is in the interest of justice or for the convenience of the parties." Fed. R. Bankr. P. 1014(a)(1); *see also* 28 U.S.C. § 1412 (transfer is available "in the interest of justice or for the convenience of the parties"). The movant bears the burden of demonstrating by a preponderance of the evidence that transfer of venue is appropriate. *In re*

*Commonwealth Oil Ref. Co. Inc.*, 596 F.2d 1239, 1241 (5th Cir. 1979); *In re Think3, Inc.*, 529 B.R. 147, 208 (Bankr. W.D. Tex. 2015).

### B. Venue Should Remain in the Western District of Texas.

Because the Debtor's principal place of business was in San Antonio, Texas and consistently maintained business operations in San Antonio, this bankruptcy case was properly commenced in the Western District of Texas. 28 U.S.C. § 1408. Movants nevertheless request this Court to transfer the venue of this bankruptcy case to the Dallas Court because the Debtor's bankruptcy case is allegedly "closely intertwined" with the litigious GNI bankruptcy case. Motion at 2. Courts analyze numerous factors to determine whether a transfer would be appropriate for either the interests of justice or the parties' convenience. *In re BDRC Lofts, Ltd.*, No. 12-11559-CAG, 2013 WL 395129, at *2 (Bankr. W.D. Tex. Jan. 31, 2013).

#### 1. Transfer is not warranted for the convenience of the parties.

The following factors apply to a court's analysis of transferring a case for the parties' convenience under 28 U.S.C. § 1412: "(1) the proximity of creditors, (2) the proximity of the Debtor, (3) the proximity of witnesses necessary to the administration of the estate, (4) the location of the assets, (5) whether transfer will promote the economic administration of the estate, and (6) the necessity for ancillary administration if bankruptcy should result." *BDRC Lofts, Ltd.*, 2013 WL 395129 at *3. "The case should remain where it was originally filed if the factors favor transfer only slightly or if the transfer will merely shift inconvenience from one party to another." *BDRC Lofts, Ltd.*, 2013 WL 395129 at *3. Here, transferring the case to the Dallas Court would only shift the inconvenience from one group to another. As such, the Motion should be denied.

a) <u>Proximity of Creditors</u>

Movants' arguments regarding the proximity of creditors are neutral at best. They claim it is easier for creditors, such as FSCLE, to access Dallas than San Antonio due to flight availability. Motion at 6-7. Contrary to Movants' contention, this factor does not weigh in favor of transfer because travel will be required regardless of whether the case remains in San Antonio or is transferred to Dallas. ATS, a creditor of the Debtor in the amount of approximately $3 million, is located in San Antonio. This factor is neutral at best, because the burden of traveling would merely be shifted from one group of creditors to another.

b) <u>Proximity of Debtor</u>

Movants argue that the Debtor has no standing in this bankruptcy case because the Trustee has been appointed to administer the estate. Motion at 7. While the Trustee is located in Fort Worth, Texas, which is closer to Dallas, the fact remains that the Debtor was based in San Antonio, conducted all relevant business operations there, and managed its banking in San Antonio. Debtor is still a party in interest in this case, and its operations, former employees, equity holders, and former officers and directors still reside in San Antonio. *See BDRC Lofts, Ltd.*, 2013 WL 395129 at *4. The Debtor's sole equity holder is Genesis Networks Enterprises, LLC, which is based in San Antonio. This factor does not strongly favor transfer.

c) <u>Proximity of Witnesses Necessary to the Administration of the Estate</u>

Movants argue that numerous witnesses relevant to this case are already involved in the GNI Bankruptcy and the FSCLE District Court Case, making them "proximate to the Dallas Court." Motion at 8. This argument mischaracterizes the relevant inquiry. Just because witnesses have been involved in Dallas in other proceedings does not mean that is an equally convenient for those residing in San Antonio and the surrounding area. Movants' assertion that there is no

4

connection to San Antonio is likewise without merit. Motion at 11. The Debtor's business operations were in San Antonio, and several key witnesses, including James Goodman, Zachary Wiebe, Jay Bock, and Carlos Pantoja, reside in San Antonio and the surrounding areas. Therefore, this factor does not weigh in favor of transfer.

      d) <u>Location of Assets</u>

Movants argue that this factor weighs in favor of transfer because (1) the Debtor is in a chapter 7 proceeding and has no assets or ongoing business operations, and (2) the contracts with the largest creditors were performed in Dallas. Motion at 8. Contrary to Movants' contentions, these points are irrelevant. The location of the relevant books and records is also key to this factor. *BDRC Lofts, Ltd.*, 2013 WL 395129, at *4 (citing *Commonwealth Oil Refining Co., Inc.*, 596 F.2d at 1248). The books and records of the Debtor are in San Antonio, which is where the business operations were headquartered. This factor weighs against transfer.

      e) <u>Unwilling witnesses are outside the subpoena range of the Dallas Court</u>

Movants to not address that San Antonio is more than 100 miles away from Dallas. Any witnesses that reside in the San Antonio area, of which there are many, that are unwilling to travel to Dallas for court proceedings would be outside of the subpoena range under Federal Rule of Civil Procedure 45. Because there are numerous witnesses that reside in San Antonio or the surrounding areas that are key to the administration of this estate (i.e., former employees, officers, and directors), this factor weighs against transfer.

    **2.**    **Transfer is not warranted in the interest of justice.**

The factors that bear on whether transfer is appropriate in the interest of justice are: "efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness." *BDRC Lofts, Ltd.*, 2013 WL 395129, at *2. None of these factors strongly favor transfer.

5

a) Economical and efficient administration of the estate

This factor "is referred to by some courts as the most important factor." *Think3, Inc.*, 529 B.R. at 209. Movants argue that this factor weighs in favor of transfer primarily because the "Dallas Court is further along in the administration of the GNI Bankruptcy" than this Court is with the Debtor's bankruptcy, creditors support the transfer, and the Dallas Court should administer both the GNI Bankruptcy and the Debtor's bankruptcy case. Motion at 8-9. The Debtor and GNI are distinct entities with different business operations, customers, creditors, and agreements. The fact that the Debtor and GNI had contractual engagements does not mean that this case should be transferred to the Dallas Court or that it is necessary for the bankruptcy judge overseeing the GNI Bankruptcy to also preside over the Debtor's case. The relevant inquiry is whether the efficient and economical administration of *this Debtor's bankruptcy case* would be better served by a transfer to Dallas. That the GNI Bankruptcy is further along than this case is not relevant. Transferring the case to Dallas would shift the burden of travel to the San Antonio-based individuals and entities. Counsel for FSCLE, headquartered outside of Texas, would have to travel regardless.

Movants also urge that the Debtor's parent, Genesis Networks Enterprises, LLC ("GNE"), and James Goodman's involvement in the Dallas Court are facts that weigh in favor of transfer. Motion at 9. Their involvement in the GNI Bankruptcy and the FSCLE District Court Case in Dallas does not mean that Dallas is a convenient forum for the Debtor's bankruptcy. Both GNE and James Goodman are located in San Antonio.

b) Unaddressed and additional irrelevant factors

Movants have not addressed whether other interest of justice factors support transfer to the Dallas Court, such as whether transferring this case to the Dallas Court would be more fair, and

6

whether the Motion was timely filed, perhaps because these factors do not weigh in favor of transfer. Moreover, with the modern possibilities of e-discovery, remote hearings, and emails, it is not disproportionately inconvenient for the parties to access necessary proof without traveling.

Rather, Movants manufacture additional non-factors (so-called "Unique Interests of Justice") for the Court's consideration, including the irrelevant factor of who commenced the Debtor's case, that other Goodman-related bankruptcies have been commenced in Houston and that a particular airport (San Antonio) is more or less convenient to counsel than the other (Dallas). Motion at 10. Again, the relevant inquiry is what is in the interest of justice for *this Debtor's* estate, not the GNI Bankruptcy estate.

## CONCLUSION AND PRAYER

For the foregoing reasons, the Motion should be denied. Because this venue is proper under 28 U.S.C. § 1408, Movants bear the burden of proving, by a preponderance of evidence, that transfer to the Dallas Court is justified either in the interest of justice or for the convenience of the parties. Movants have not shown sufficient evidence to warrant transferring this bankruptcy case to the Dallas Court, and the proposed transfer would merely shift the inconvenience to the San Antonio-based witnesses and entities. As such, this Motion should be denied in its entirety.

WHEREFORE, creditor Austin Tele-Services Partners, LP respectfully requests that the Court enter an Order denying the Joint Motion to Transfer Venue in its entirety, and for such other or further relief to which it may be justly entitled.

Dated: October 21, 2024

Respectfully submitted,

**PULMAN, CAPPUCCIO & PULLEN, LLP**
2161 NW Military Highway, Suite 400
San Antonio, Texas 78213
(210) 222-9494 Telephone
(210) 892-1610 Facsimile

By: */s/ Randall A. Pulman*
    Randall A. Pulman
    Texas State Bar No. 16393250
    rpulman@pulmanlaw.com
    Anna K. MacFarlane
    Texas State Bar No. 24116701
    amacfarlane@pulmanlaw.com
**ATTORNEYS FOR AUSTIN TELE-SERVICES PARTNERS, LTD.**

## CERTIFICATE OF SERVICE

I certify that, on the 21st day of October 2024, the foregoing has been filed via the Court's CM/ECF System which has caused it to be served on the parties in this case registered for CM/ECF, as indicated below:

**Via CM/ECF: marty@seidlerlaw.com**
Martin Seidler
Law Offices of Martin Seidler
11107 Wurzbach, Suite 504
San Antonio, TX 78230

**Via CM/ECF trusteelaurierea@gmail.com**
Laurie Dahl Rea
Rochelle McCullough LLP
300 Throckmorton St #520
Fort Worth, TX 76102

**Via CM/ECF sthomas@romclaw.com**
Shannon S. Thomas
Rochelle McCullough, LLP
901 Main St Suite 3200
Dallas, TX 75202

**Via CM/ECF**
**USTPRegion07.SN.ECF@usdoj.gov**
United States Trustee - SA12
US Trustee's Office
615 E Houston, Suite 533
San Antonio, TX 78205

**Via CM/ECF aubrey.thomas@usdoj.gov**
Aubrey L. Thomas
Office of the UST, Region 7
615 E. Houston St. Suite 533
San Antonio, TX 78205

**Via CM/ECF don.stecker@lgbs.com**
Don Stecker
Linebarger Goggan et all.
112 E Pecan St, Suite 2200
San Antonio, TX 78205

**Via CM/ECF dwilliamson@dykema.com**
Deborah D. Williamson
Dykema Gossett PLLC
112 E Pecan St, Suite 1800
San Antonio, TX 78205

**Via CM/ECF: mcolvard@mdtlaw.com**
Michael G. Colvard
Martin & Drought, PC
112 East Pecan St, Suite 1616
San Antonio, TX 78205

**Via CM/ECF cam.hillyer@butlersnow.com**
**adam.langley@butlersnow.com**
**danny.vanhorn@butlersnow.com**
Robert Campbell Hillyer
Adam Michael Langley
Daniel W. Van Horn
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119

**Via CM/ECF drukavina@munsch.com**
**tberghman@munsch.com**
**cwhite@munsch.com**
Davor Rukavina
Thomas D. Berghman
Conor White
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard St. Ste. 3800
Dallas, TX 75201

**Via CM/ECF jenglander@lpgmlaw.com**
Jacob Englander
Lazare Potter et al.
747 Third Avenue, 16th Floor
New York, NY 10017

　　　　　　　　　　　　　　　*/s/ __Randall A. Pulman_____*
　　　　　　　　　　　　　　　Randall A. Pulman

4887-9558-3729, v. 1 / 6514.010